

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 26, 1966

Honorable Jesse James
Treasurer of the State of Texas
State Capitol
Austin, Texas

Opinion No. C-664

Re: Whether bonds issued
by Texas junior
college districts
may be accepted by
the State Depository
Board as collateral
security for State
deposits.

Dear Mr. James:

You have requested an opinion as to whether bonds issued by Texas junior college districts may be accepted by the State Depository Board as collateral security for State deposits.

There must be specific statutory authorization for any bond to be eligible as security for state deposits, either by virtue of the general statute pertaining to the subject or by virtue of specific provision in the statute authorizing the issuance of a certain type of bond.

Article 2529, Vernon's Civil Statutes, is the general statute setting out classes of securities which may be pledged as security for state deposits. This statute, in so far as pertinent reads as follows:

"ART. 2529. 2423 QUALIFICATIONS OF DEPOSITORIES

"As soon as practicable after the Board shall have passed upon said applications, the Treasurer shall notify all banks whose applications have been accepted, of their designation as State Depositories of State funds. The Treasurer shall require each bank so designated to qualify as a State Depository on or before the 25th day of November next, by (a) depositing a depository bond signed by some surety

company authorized to do business in Texas, in an amount equal to not less than double the amount of State funds allotted, such bond to be payable to the Treasurer and to be in such form as may be prescribed by the Board and subject to the approval of such Board; or (b) by pledging with the Treasurer any securities of the following kinds: bonds and certificates and other evidences of indebtedness of the United States, and all other bonds which are guaranteed as to both principal and interest by the United States; bonds of this State; bonds and other obligations issued by the University of Texas; warrants drawn on the State Treasury against the general revenue of the State; bonds issued by the Federal Farm Mortgage Corporation, provided both principal and interest of said bonds are guaranteed by the United States government; shares or share accounts of any building and loan association organized under the laws of this State, provided the payment of such shares or share accounts is insured by the Federal Savings and Loan Insurance Corporation, and in the shares or share accounts of any Federal Savings and Loan Association domiciled in this State, provided the payment of such shares or share accounts is insured by the Federal Savings and Loan Insurance Corporation; Home Owners Loan Corporation Bonds, provided both principal and interest of said bonds are guaranteed by the United States Government, and such securities shall be accepted by the Board in an amount not less than five per cent (5%) greater than the amount of State funds which they secure; provided, that Texas Relief Bonds may be accepted at face value and without margin for the amount of State funds allotted, provided such State Relief Bonds have all unmatured coupons attached; bonds of counties located in Texas; road districts of counties in Texas; independent and common school districts located in Texas; tax bonds issued by municipal corporations in Texas; and bonds issued by a municipal corporation where the payment of such bonds is secured by a pledge of the net revenues of a utility system or systems (limited to those utility systems now authorized to be encumbered under the provisions of Articles 1111-1118a, Revised Civil Statutes, as amended, inclusive)..."

The revenue bonds of junior college districts are clearly not eligible under this statute since they do not fall within any of the enumerated classes.

If the tax bonds of junior college districts are to be considered eligible under this statute, it must be because they belong to the class "issued by municipal corporations," since they do not fall within any other class enumerated by the statute.

The Attorney General has on various occasions held that, as used in Article 2529, the term "municipal corporations" is used in its narrower and more specific sense as referring to cities, towns and villages only. In this regard see Attorney General's Opinions Nos. O-152 (1939) and O-2182 (1940), copies of which are attached hereto.

This conclusion is further strengthened by the fact that when Article 2529 was amended by the Legislature in 1955 to include certain revenue bonds of "municipal corporations" they were limited to "those utility systems now authorized to be encumbered under the provisions of Articles 1111-1118a, Revised Civil Statutes, as amended, inclusive." Articles 1111-1118a, inclusive apply only to cities, towns and villages, thus making clear that the Legislature did in fact intend the term "municipal corporations" be so limited wherever used in Article 2529.

Thus we conclude that neither tax nor revenue bonds of Texas junior college districts are eligible to be pledged as security for State deposits under Article 2529.

However, the Legislature has also made certain additional securities, not included in Article 2529, eligible by specifically so providing in the statutes authorizing issuance of the bonds.

A review of the statutes authorizing junior college districts to issue tax bonds shows that in no case is any provision made for such tax bonds to be eligible as security for state deposits.

In reviewing the statutes which authorize junior college districts to issue revenue bonds we find, on the

other hand, that such bonds shall be eligible as security for state deposits. Article 2815 r-1, Vernon's Civil Statutes, in Section 6a, and Article 2815 r-2, Vernon's Civil Statutes, in Section 7, both provide in part as follows:

"...Such bonds...shall be eligible to secure the deposit of any and all public funds of the State of Texas..., and such bonds and notes shall be lawful and sufficient security for said deposits to the extent of the principal amount thereof, or their value on the market, which ever is the lesser, when accompanied by all unmatured coupons appertenant thereto."

We therefore conclude that tax bonds of Texas junior college districts are not eligible as collateral security for state deposits, but that revenue bonds of such junior college districts are eligible when they are issued under authority of Articles 2815 r-1 and 2815 r-2, to the extent provided therein.

## S U M M A R Y

Tax bonds of Texas junior college districts are not eligible to secure deposits of state funds. Revenue bonds of Texas junior college districts, issued under authority of Article 2815 r-1 or Article 2815 r-2, are eligible as security to the extent provided therein.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

James M. Strock
Assistant Attorney General

JMS:vg

APPROVED
OPINION COMMITTEE

W. O. Shultz, Chairman
John Fainter
Roy Johnson
John Banks
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright